IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL WAYNE THEDFORD,**

    **Plaintiff,**

  v.        CASE NO. 18-3278-SAC

**RICE COUNTY DISTRICT COURT,**

    **Defendant.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is before the Court on a civil rights action filed under 42 U.S.C. § 1983 by a prisoner held in the Rice County Jail. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis[1].

### Background

The complaint states that plaintiff was convicted of two counts of theft in the District Court of Rice County in Case No. 05 CR 137.[2] He claims he is wrongfully held, and he appears to claim that he was convicted improperly of two counts after the second count was dismissed. Although the form pleading does not request specific relief, the Court liberally construes the pro se pleading to seek relief from his confinement and conviction.

### Discussion

Because plaintiff proceeds pro se, the Court must liberally construe his complaint without assuming a role as his advocate. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

---

[1] By a Notice of Deficiency entered on November 14, 2018, the Clerk of the Court advised plaintiff that he must provide a financial statement in support of his motion to proceed in forma pauperis within thirty (30) days.

[2] Material attached to the complaint shows that plaintiff was appointed counsel in October 2018 to handle his appeal (Doc. #1-1, p. 1).

Because plaintiff is a prisoner, the Court has conducted a preliminary screening of this matter, *see* 28 U.S.C. § 1915A, and must dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted. *Id.*, § 1915A(b).

First, because it appears that state court proceedings are continuing in plaintiff's criminal case, the Court should abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, a federal court must abstain from exercising jurisdiction over federal claims when (1) a state court criminal, civil, or administrative proceeding is ongoing; (2) the state court provides an adequate forum to consider the claims presented in the federal action; and (3) the state proceedings involve important state interests. *Wietzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The *Younger* doctrine arises from "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

Here, it appears that plaintiff has counsel and is pursuing a state criminal appeal, and this satisfies the first condition under *Younger*. Next, the Kansas courts provide plaintiff with a forum to present claims concerning the legality of his conviction. *See Capps v. Sullivan*, 13 F.3d 350 354 n.2 (10th Cir. 1993)("[F]ederal courts should abstain from the exercise of … jurisdiction if the issues raised … may be resolved either by trial on the merits in state court or by other (available) state procedures.")(quotation omitted). Third, the State of Kansas has an important interest in the enforcement of its criminal law. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007)("[S]tate

control over criminal justice [is] is a lynchpin in the unique balance of interests" described as "Our Federalism")(citing *Younger*, 401 U.S. at 44). Because the three *Younger* criteria are satisfied, the Court concludes this matter is subject to dismissal without prejudice.

Next, to the extent plaintiff seeks relief from a state court conviction, his remedy lies in a federal habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)("when a state prisoner is challenge the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005)("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release.").

Before bringing a federal habeas corpus action, a prisoner must exhaust available state court remedies. *See* 28 U.S.C. §2254(b)(1)(A)(stating that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the State"). At this point, plaintiff has not completed his appeal, and therefore this matter, if construed as a petition for habeas corpus, would be subject to dismissal as premature.

### Order to Show Cause

For the reasons set forth, the Court will direct plaintiff to show cause why this matter should not be dismissed without prejudice. Plaintiff must file a written response on or before **December 14, 2018.**

The failure to file a timely response will result in the dismissal of this matter without prejudice and without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **December 14, 2018,** to show cause why this matter should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 16th day of November, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge